**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>TODISCO SERVICES, INC. d/b/a )<br>TODISCO TOWING, )<br><br>Defendant. )<br>_____ ) | COMPLAINT |

**COMPLAINT**

The United States of America alleges as follows:

**INTRODUCTION AND NATURE OF ACTION**

1.     The United States brings this action under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, against Todisco Services, Inc. d/b/a Todisco Towing.

2.     The purpose of the SCRA is to provide certain protections to servicemembers so that they can devote themselves fully to the Nation's defense.  One of these protections ensures that a company cannot enforce a lien against a servicemember's personal property during, or within 90 days after, a period of military service without a court order.  50 U.S.C. § 3958.  Any court reviewing such a matter may delay the enforcement or adjust the amount of the servicemember's obligation to the lienholder.  *Id.* at § 3958(b).

3.      When a tow company fails to obtain a court order prior to selling or disposing of a servicemember's vehicle, it deprives a servicemember of his or her right to have a court decide whether to postpone the sale or adjust the amount of the fees charged to the servicemember.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. § 4041.

5.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because Defendant is headquartered and conducts business in the District of Massachusetts, and under 28 28 U.S.C. § 1391(b)(2) because the events giving rise to this action occurred in the District of Massachusetts.

**PARTIES**

6.      Defendant Todisco Services, Inc. is a Massachusetts corporation with a principal address of 171 Boston Street, Salem, Massachusetts.  Defendant conducts towing, repair, and storage of vehicles.  At all times relevant to this complaint, Defendant also conducted business as Todisco Towing.

7.      Defendant stores impounded vehicles at 262 Norfolk Avenue, Roxbury, Massachusetts, and 94R Condor Street, East Boston, Massachusetts.

8.      Defendant's vehicle storage locations are within twenty-five miles of Hanscom Air Force Base, home to the 66th Air Base Group, which secures, supports, and sustains more than 5,000 active-duty, Reserve, and National Guard personnel.

**FACTUAL ALLEGATIONS**

9.      From December 13, 2011 to the present, Staff Sergeant ("SSgt.") Jamere Dotson has been a full-time active member of the United States Air Force.

10.     From March 22, 2021 to October 20, 2021, SSgt. Dotson was deployed to the State of Qatar under orders from the United States Air Force.

11.     Prior to his deployment, SSgt. Dotson's duty station was at Hanscom Air Force Base.  In preparation for his deployment, SSgt. Dotson moved out of his apartment and placed some of his personal belongings in his vehicle.

12.     The possessions that SSgt. Dotson stored in his vehicle included government-issued tactical gear, some clothing and other personal belongings, and several irreplaceable items of sentimental value, including a family photograph album and a sweatshirt belonging to a friend who is now deceased.

13.     SSgt. Dotson was the sole owner of his vehicle, a Ford Escort.

14.     While SSgt. Dotson was deployed, his girlfriend used his vehicle to drive to and from college classes in Boston.  On April 27, 2021, SSgt. Dotson's girlfriend parked SSgt. Dotson's vehicle in downtown Boston.

15.     On April 27, 2021, Todisco Towing towed SSgt. Dotson's vehicle to its storage facility at 262 Norfolk Avenue, Roxbury, Massachusetts.

16.     SSgt. Dotson contacted Todisco by phone multiple times attempting to pay the fees to recover his vehicle, but on or about July 28, 2021, Todisco Towing sold SSgt. Dotson's vehicle without first obtaining a court order authorizing it to enforce a lien on the vehicle.

17.     On or about September 13, 2021, while he was still serving in Qatar, SSgt. Dotson called Todisco Towing and was informed that Todisco Towing had sold his vehicle.

18.     At that time, Defendant had no policies or procedures in place to prevent it from selling or disposing of servicemembers' vehicles and personal property without court orders.

19.     At all times relevant to this complaint, the Department of Defense provided individuals and entities seeking to comply with the SCRA a free automated database run by the Defense Manpower Data Center ("DMDC database") to check whether an individual is an

SCRA-protected servicemember using either an individual's Social Security Number or date of birth.

20.     At all times relevant to this complaint, Defendant's policies and procedures did not include checking the DMDC database to determine a customer's military status prior to selling or otherwise disposing of that customer's vehicle without a court order.

21.     At all times relevant to this complaint, Defendant's policies and procedures did not include either using a commercially available databases to match vehicle and customer information to Social Security Numbers or dates of birth or otherwise requesting such information prior to selling or otherwise disposing of customers' vehicles without court orders.

22.     At all times relevant to this complaint, Defendant's policies and procedures did not include looking inside towed vehicles for indicia of military service.

### <u>SERVICEMEMBERS CIVIL RELIEF ACT VIOLATIONS</u>

23.     The SCRA provides that a "person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects *without a court order granted before foreclosure or enforcement*." 50 U.S.C. § 3958(a)(1) (emphasis added).  There is no requirement that a servicemember inform the lien holder of his or her military service.

24.     For purposes of 50 U.S.C. § 3958(a)(1), "the term 'lien' includes a lien for storage, repair, or cleaning of the property or effects of a servicemember or a lien on such property or effects for any other reason."  50 U.S.C. § 3958(a)(2).

25.     Defendant's sale of SSgt. Dotson's vehicle without a court order is a violation of the SCRA that raises an issue of significant public importance under 50 U.S.C. § 4041(a)(2).

26.     SSgt. Dotson is a "person aggrieved" pursuant to 50 U.S.C. § 4041(b)(2) and has suffered damages as a result of Defendant's conduct.

27.     Defendant's conduct was intentional, willful, and taken in reckless disregard for the rights of SSgt. Dotson.

### PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court enter an ORDER that:

A.  Declares that Defendant's conduct violated the SCRA;

B.  Enjoins Defendant, its agents, employees, and successors, and all other persons and entities in active concert or participation with them, from:

    i.      selling or otherwise disposing of the vehicles or other personal property of SCRA-protected servicemembers without court orders, in violation of the SCRA, 50 U.S.C. § 3958;

    ii.     failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, SSgt. Dotson to the position he would have been in but for Defendant's illegal conduct; and

    iii.    failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of Defendant's illegal conduct;

C.  Awards appropriate monetary damages to SSgt. Dotson, pursuant to 50 U.S.C. § 4041(b)(2); and

D.  Assesses a civil penalty against Defendant in order to vindicate the public interest, pursuant to 50 U.S.C. § 4041(b)(3).

The United States further requests such additional relief as the interests of justice may require.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney
District of Massachusetts

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

*/s/ Torey B. Cummings*
HILLARY H. HARNETT, BBO #687780
TOREY B. CUMMINGS
Assistant United States Attorneys
United States Attorney's Office
Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617) 748-3100
hillary.harnett@usdoj.gov
torey.cummings@usdoj.gov

CARRIE PAGNUCCO
Chief
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing
Program
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street, N.E., Suite 8.125
Washington, D.C. 20530